VORYS, SATER, SEYMOUR and PEASE LLP
Cory D. Catignani (Bar No. 332551)
cdcatignani@vorys.com
Emily A. Papania (Bar No. 325027)
eapapania@vorys.com
4675 MacArthur Court, Suite 700
Newport Beach, CA 92660
Telephone: 949-526-7904
Facsimile: 949-383-2385

Attorneys for Defendant
BIG LOTS STORES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| LEAVONNA CHEFF,<br><br>    Plaintiff,<br><br>    v.<br><br>BIG LOTS STORES, INC.; and DOES 1-50, inclusive,<br><br>    Defendants. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1332(a), 1441, AND 1446**<br><br>[Diversity Jurisdiction]<br><br>Action Filed: February 19, 2021<br><br>[Removed from San Bernardino County Superior Court, Case No. CIVSB2103236] |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF LEAVONNA CHEFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Big Lots Stores, Inc. ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446.

As required by 28 U.S.C. § 1446(d), a Notice to State Court of Removal of Civil Action to Federal Court, along with a copy of this Notice of Removal, will be promptly filed in the Superior Court of the State of California, County of San Bernardino. A copy of the Notice to State Court without attachments is attached hereto as **Exhibit 1**. A copy of the Notice to State Court will also

be promptly served upon Plaintiff's counsel.

In support of this Notice of Removal, Defendant states the following:

### I. PROCEDURAL HISTORY

1. On February 19, 2021, Plaintiff Leavonna Cheff ("Plaintiff") filed a Complaint (the "Complaint") in the Superior Court of the State of California, County of San Bernardino, styled *Leavonna Cheff v. Big Lots Stores, Inc., et al.*, Case No. CIVSB2103236 (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit 2**. Defendant received service of the Complaint on or about March 17, 2021.

2. Defendant filed its Answer (the "Answer") to the Complaint on April 16, 2021. A true and correct copy of the Answer is attached hereto as **Exhibit 3**.

3. To the best of Defendant's knowledge, no other proceedings related hereto have been heard in the San Bernardino County Superior Court.

4. Pursuant to 28 U.S.C. § 1446(a), the attached exhibits constitute all process, pleadings, and orders filed or served in the State Court Action.

### II. STATEMENT OF JURISDICTION

#### A. Diversity Of The Parties

5. Plaintiff is a resident and citizen of the State of California. (Complaint ¶ 10). Plaintiff also alleges that the "conduct alleged [in her Complaint] which gives rise to the claims asserted occurred within San Bernardino County. Specifically, Plaintiff worked for Defendants within San Bernardino County…" (Complaint ¶ 8). *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (holding that a plaintiff's place of employment can establish a plaintiff's domicile for the purpose of diversity jurisdiction).

6. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be determined to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-93 (2010). Defendant is a corporation organized under the laws of the State of Ohio and its principal place of business is in Columbus, Ohio. *See* Declaration of Jennifer Unocic

("Unocic Decl."), attached hereto as **Exhibit 4** at ¶ 2.  Defendant is neither incorporated in California, nor does it have a principal place of business in California.  *Id.*  Therefore, for purposes of diversity jurisdiction, Defendant is not a citizen of California.

7. Plaintiff has named additional fictitious defendants ("Does 1-50") in her Complaint; however, "in determining whether a civil action is removable under [28 U.S.C. § 1332(a)], the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b)(1).

### B. Amount In Controversy

8. Defendant denies Plaintiff's claims of wrongdoing and requests for relief; however, based on the allegations on the face of the Complaint, the amount in controversy exceeds the jurisdictional threshold of $75,000.

9. Where a complaint does not state the amount in controversy, the removing defendant must establish by a preponderance of the evidence – *i.e.*, that it is "more likely than not" – that the amount in controversy exceeds $75,000.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  This burden is not "daunting" and does not obligate a removing defendant to "research, state, and prove the plaintiff's claims for damages."  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-1205 (E.D. Cal. 2008).  "The 'ultimate inquiry' is what amount is put 'in controversy' by the plaintiff's complaint, not what the defendant will actually owe."  *Id.* (*quoting Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

10. In determining whether it is more likely than not that the amount in controversy exceeds $75,000, a court can consider:  (a) the allegations in the complaint, facts in the removed petition, and any summary-judgment-type evidence that is submitted; (b) jury verdicts involving similar allegations and claims; (c) emotional distress damages; (d) punitive damages, if they are recoverable as a matter of law;[1] and (e) attorneys' fees, if they are authorized by statute.

---

[1] Punitive damages are available under the California Fair Employment and Housing Act and Cal. Lab. Code § 1102.5. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002); *Hennighan v. Inshpere Ins. Solutions, Inc.*, No. 13-cv-638-JST, 2013 U.S. Dist. LEXIS 58888, at *18 (N.D. Cal. Apr. 24, 2013) (punitive damages available for Section 1102.5 retaliation claims).

*See, e.g.*, *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 947 (9th Cir. 2001); *Perez v. Baxter Healthcare Corp.*, No. 2:12-cv-08075, 2012 U.S. Dist. LEXIS 160051, at *4–*5 (C.D. Cal. Oct. 31, 2012). These amounts are in addition to the $10,000 penalty outlined in Section 1102.5 itself, which is properly part of the amount in controversy calculation. *See Langevin v. Fed. Expr. Corp.*, No. CV 14-08105 MMM (FFMx), 2015 U.S. Dist. LEXIS 27861, at *51 (C.D. Cal. Mar. 6, 2015). A district court may also make estimates of the amount in controversy. *Tiffany v. O'Reilly Auto. Stores, Inc.*, No. CIV. S-13-0926, 2013 U.S. Dist. LEXIS 130082, at *6 (E.D. Cal. Sept. 11, 2013).

      i. ***Plaintiff's Retaliation and Wrongful Termination Claims***

   11. Plaintiff alleges that she was terminated because she exercised her protected rights as a whistleblower. (Complaint ¶¶ 27, 101-104). Plaintiff further alleges that her termination was wrongful and in violation of California's public policy. (Complaint ¶ 28).

   12. Plaintiff seeks economic damages for losses in earnings for these claims. (Complaint ¶¶ 105, Prayer for Relief). Plaintiff's hourly rate at the time of her termination was $13.20. (Unocic Decl. ¶ 4). During the last year of her employment, Plaintiff worked an average of 28.17 hours per week. *Id.* At the time of removal, Plaintiff is approximately 111 weeks removed from her March 2019 termination. (Complaint ¶ 27). Thus, the back pay that he seeks to recover already amounts to $41,274.69 (111 x 28.17 x $13.20). If trial in this matter were set for mid-April 2022, Plaintiff's back pay damages alone would amount to $60,610.58, calculated as $13.20 x 28.17 x 52 weeks between removal and mid-April 2022 = $19,335.89; $19,335.89 + $41,274.69 = $85,770.36. (Unocic Decl. ¶ 4). *See Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC (RNBx), 2014 U.S. Dist. LEXIS 76351, at *10-11 (C.D. Cal. May 30, 2014) (considering back wages between removal and trial for amount in controversy).

   13. Plaintiff additionally seeks damages for lost benefits. (Complaint ¶ 105). *See McGowan v. Dollar Tree, Inc.*, No. ED CV 17-0702 FMO (SPx), 2017 U.S. Dist. LEXIS 79865, at *5 (C.D. Cal. May 24, 2017) (finding that the amount in controversy threshold was met by aggregating plaintiff's estimated damages for lost wages, **lost benefits**, emotional distress, and mental pain and anguish); *Simmons v. PCR Tech.*, No. C 02-1504 MHP, 2002 U.S. Dist. LEXIS

11893, at *14 (N.D. Cal. Mar. 28, 2002) (taking into account plaintiff's medical expenses when assessing the amount in controversy).

14. Plaintiff also seeks non-economic damages. (Complaint ¶¶ 106, Prayer for Relief.) When considering emotional distress damages for the amount in controversy analysis, courts look to "damages awarded in similar cases in the geographic area." *Amado v. U.S. Bancorp*, No. SACV 15-00871-JLS (DFMx), 2015 U.S. Dist. LEXIS 128730, at *5 (C.D. Cal. Sept. 24, 2015). Courts throughout the Ninth Circuit have regularly held that emotional distress damages in employment cases can be substantial, often exceeding $75,000. *See, e.g., Greta L. Anderson v. American Airlines Inc.*, No. 3:05-cv-04292-SI, 2008 Jury Verdicts LEXIS 35822 (N.D. Cal. July 17, 2008) ($1,000,000 non-economic damages award to plaintiff alleging disability discrimination and retaliation under the FEHA and wrongful termination in violation of public policy); *see also Hurd v. Am. Income Life Ins.*, No. CV-13-05205 RSWL-MRW, 2013 U.S. Dist. LEXIS 147849, at *17 (C.D. Cal. Oct. 10, 2013) ("Punitive damages and emotional distress damages in disability discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum.")

15. Plaintiff also seeks punitive damages (Complaint ¶ Prayer for Relief), and it is "well established that punitive damages are part of the amount in controversy for a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). The Central District has held that punitive damages in employment cases can regularly exceed $200,000 and "may alone satisfy the amount in controversy." *Colucci v. T-Mobile USA, Inc.,* 48 Cal. App. 5th 442, 459 (2020) (FEHA retaliation case; punitive damages $1,500,000); *see also Matthews v. Happy Valley Conference Ctr.*, 43 Cal. App. 5th 236, 268 (2019) (Section 1102.5 retaliation case; punitive damages $500,000).

16. Plaintiff also seeks attorney's fees. (Complaint ¶¶ 6, Prayer for Relief.) Attorneys' fees may be included in the amount in controversy if recoverable by statute or contract. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). Attorney's fees are recoverable as a matter of right to the prevailing party under the FEHA. *Id.* at 1034. When assessing attorneys' fees for the purpose of determining the amount in controversy, a court should

consider "the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." *Id.* at 1035. Applying this principle, California courts have awarded substantial attorneys' fees in employment cases. *See, e.g.*, *Jadwin v. Cty. of Kern*, 767 F. Supp. 2d 1069, 1141 (E.D. Cal. 2011) (awarding prevailing plaintiff under FEHA $573,700 in attorneys' fees); *Leuzinger v. Cty. of Lake*, No. C-06-00398, 2009 U.S. Dist. LEXIS 29843, at *31 (N.D. Cal. Mar. 30, 2009) (awarding prevailing plaintiff $735,500 in attorneys' fees in FEHA action). Accordingly, numerous courts have found that the amount of attorneys' fees that can be reasonably anticipated in an employment case puts the amount in controversy at an amount greater than $75,000. *See Simmons* at 1035.

        ii. **Plaintiff's Labor Code Violation Claims**

17. Plaintiff alleges that she was not paid overtime, worked off the clock, was not provided with meal periods or paid meal period premiums, was not provided with rest periods or provided rest period premiums, was not provided with accurate wage statements, and that she is entitled to waiting time penalties.

18. The statute of limitations for Plaintiff's alleged wage and hour violations is three years. Cal. Code Civ. Proc. § 338. However, because Plaintiff alleges a claim under California's Unfair Competition Law ("UCL"), this period is functionally extended by an additional year, pursuant to the limited procedures and remedies of the UCL. *See Rojas-Cifuentes v. ACX Pac. Northwest, Inc.*, 2016 U.S. Dist. LEXIS 147760, at *8-9 (E.D. Cal. Oct. 24, 2016); *Van v. Language Line Servs.*, No. 14-cv-03791, 2016 U.S. Dist. LEXIS 73510, at *100-01 (N.D. Cal. June 6, 2016) (meal and rest period payments recoverable under UCL for four year period); *see also* Complaint at ¶¶ 93-97. For purposes of removal only, Defendant assumes that a four-year statute of limitations would apply for Plaintiff's wage and hour claims. Under this assumption, the statutory period begins on February 19, 2017.

19. Plaintiff's hourly rate from December 30, 2018 through her termination was $13.20. Her hourly rate from July 22, 2018 to December 29, 2018, was $12.96. Her hourly rate from March 12, 2017 to July 21, 2018 was $12.70. Her hourly rate from February 19, 2017—the start of the statutory period—to March 11, 2017 was $11.55. (Unocic Decl. ¶ 5). The weighted

average of these rates (weighting based on the approximate number of weeks paid at each rate) is $12.77.

20. While the allegations regarding total damages are vague, courts have held that assuming a 100% violation rate is permissible for determining the amount in controversy when a Complaint does not contain more detailed allegations that would suggest such an assumption is incorrect. *See, e.g.*, *Mejia v. DHL Express (USA), Inc.*, 2015 U.S. Dist. LEXIS 67212, 2015 WL 2452755, at *4 (C.D. Cal May 21, 2015) (using a 100% violation rate to calculate the amount in controversy where a the plaintiff's complaint "does not contain any allegations that suggest a 100% violation rate is an impermissible assumption."); *Muniz v. Pilot Travel Ctrs., LLC*, 2007 U.S. Dist. LEXIS 31515, at *4 (E.D. Cal. April 30, 2007) ("[P]laintiff includes no fact-specific allegations that would result in a … violation rate that is discernibly smaller than 100% . . . . Plaintiff is the master of her claims, and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought."); *see also Giannini v. Nw. Mut. Life Ins. Co.,* No. C 12-77 CW, 2012 U.S. Dist. LEXIS 60143, at *9 (N.D. Cal. Apr. 30, 2012) (allegations of "routine" violations supported assumption of 100% violation rate).

21. ***Overtime Claim.*** Plaintiff alleges that she regularly worked 6-7 days per week and would often work in excess of 12 hours per day. (Complaint ¶ 22). Even assuming Plaintiff only worked 5 days per week for each week of her employment, Plaintiff would have worked 60 hours per week, giving her 20 hours of overtime per week. Accordingly, the alleged amount in controversy for this claim is **$13,546.80** [20 hours of overtime x $6.39 (additional half-rate pay) x 106 weeks].

22. ***Meal Period Claim.*** Plaintiff alleges that Defendant failed to provide her with statutorily complaint meal periods and failed to pay her proper meal period premiums. (Complaint ¶¶ 67-69). Pursuant to Cal. Lab. Code § 512(a), employees who work shifts longer than five hours are entitled to one meal break per day. *See Dilts v. Penske Logistics, LLC*, 769 F.3d 637, 641 (9th Cir. Cal. 2014). Working five days per week for 106 weeks would result in 530 meal period violations over the course of the statutory period. Accordingly, the amount in controversy

for this claim is **$6,768.10** [$12.77 x 5 days per week x 106 weeks].

23. ***Rest Period Claim.*** Plaintiff also alleges that Defendant failed to provide her with timely rest periods for every four hours worked. (Complaint ¶¶ 34-36, 79). Pursuant to IWC 7-2001 § 12(A), employees are required to offer rest periods of 10 minutes per every four hours worked or major fraction thereof, for all employees working more than 3.5 hours. *See Dilts*, 769 F.3d at 642. The penalty for failing to provide any such rest period is one hour of pay. *Id.* Assuming Plaintiff worked five days per week for 106 weeks, would result in 530 rest period violations over the course of the statutory period. Accordingly, the amount in controversy for this claim is **$6,768.10** [$12.77 x 5 days per week x 106 weeks].

24. ***Inaccurate Wage Statement Claim.*** Plaintiff alleges that Defendant knowingly and intentionally failed to provide Plaintiff with accurate, itemized wage statements in compliance with Labor Code § 226. (Complaint at ¶¶ 89-92). Plaintiff seeks penalties under this statute, which are allowed to the greater of actual damages or $50 for the first violation, and $100 for every subsequent violation, up to a maximum of $4,000. Cal. Lab. Code § 226(e). Assuming—without admitting the same—that Plaintiff would be entitled to any such recovery under this claim, the amount in controversy under this claim is the statutory maximum under Cal. Lab. Code § 226(e): **$4,000**.

25. ***Waiting Time Penalties***. Plaintiff alleges that Defendant "failed to pay Plaintiff her final wages pursuant to California Labor Code §§ 201 through 203, and accordingly owe waiting time penalties pursuant to California Labor Code § 203. (Complaint ¶ 84). Assuming Plaintiff worked 8 hours per day at a rate of $13.20 per hour, Plaintiff's regular earning for 30 days would be **$3,168** [30 days x 8 hours x $13.20].

26. ***Attorney Fees for Wage and Hour Claims.*** "The amount in controversy includes... attorney's fees, if authorized by statute or contract." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2006). Cal. Labor Code § 218.5 allows for attorney's fees "In any action brought for the nonpayment of wages." Additionally, Cal. Lab. Code § 226 authorizes an award of attorney's fees in an action seeking recovery for the furnishing of improper wage statements. *See Rosenstein v. Pratt & Whitney*, 2016 U.S. Dist. LEXIS 8442, *8 (S.D. Cal. Jan. 25, 2016).

Plaintiffs in this case seek attorney's fees associated with this action. (Complaint at ¶¶ 6, 45, 50, 59, 64, 70, 78, 91). Courts have held that 25% of the alleged damages is a reasonable estimate of attorney's fees for calculating the amount in controversy in wage and hour cases. *See Donald v. Xanitos, Inc.*, 2015 U.S. Dist. LEXIS 52582, *13 (N.D. Cal. Apr. 17, 2015); *Fong v. Regis Corp.*, 2014 U.S. Dist. LEXIS 275, *23 (N.D. Cal. Jan. 2, 2014). The total damages alleged for Plaintiff's above wage and hour claims is $34,251. Accordingly, the estimated pro rata share of attorney's fees for Plaintiff's claims is **$8,562.75**.

27. The amount of Plaintiff's alleged economic damages coupled with the amount of non-economic and punitive damages and attorneys' fees Plaintiff has the potential to claim, demonstrate that the amount in controversy for all of Plaintiff's causes of action is well in excess of $75,000. Defendants have therefore satisfied their burden of establishing by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.

28. Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy threshold has been met and complete diversity of citizenship exists between Plaintiff and Defendants, provided Plaintiff has stated a claim and further that Plaintiff has not caused any procedural defects to have been made. This case meets all of the requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

### III.   PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

29. Pursuant to 28 U.S.C. § 1446(b), Defendants filed this removal within 30 days of its first receipt of a copy of the Complaint, Summons, and Civil Case Cover Sheet in the State Court Action. Service was perfected on or about March 17, 2021.

30. Venue is proper in the Eastern Division of the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c)(2), 1391(b)(2), and 1441. (Complaint ¶¶ 8-10).

31. Big Lots Stores, Inc. is the only named Defendant and it consents to this Removal as evidenced by the signature of its counsel below.

32. As required by 28 U.S.C. § 1446(d), a Notice to State Court of Removal of

Civil Action to Federal Court, along with a copy of this Notice of Removal, will be promptly filed in the Superior Court for the State of California, for the County of San Bernardino. A copy of the Notice to State Court of Removal of Civil Action to Federal Court without exhibits is attached hereto as **Exhibit 1**. A copy of the Notice to State Court of Removal of Civil Action to Federal Court will also be promptly served upon Plaintiff's counsel.

33. By filing this Notice of Removal, Defendant does not waive any of their affirmative or other defenses, including, but not limited to, its right to move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure.

34. Pursuant to Local Rule 7.1-1, a Notice of Interested Parties is being filed concurrently with this Notice of Removal of Civil Action to Federal Court.

**WHEREFORE**, Defendant respectfully requests that this matter be removed from the Superior Court of the State of California, for the County of San Bernardino, to the United States District Court for the Central District of California, Eastern Division, and that all proceedings hereafter in this matter take place in the United States District Court for the Central District of California, Eastern Division.

Dated: April 16, 2021

/s/ Cory Catignani
Cory D. Catignani

# PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY ORANGE

I am employed in the County of Orange, State of California; I am over the age of 18 and not a party to the within action; my business address is 4675 MacArthur Court, Suiter 700, Newport Beach, California 92660.

On April 16, 2021, I served the foregoing document(s) described as:

**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1332(a), 1441, AND 1446**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED LIST**

\_\_\_ (BY MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Newport Beach, CA. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

\_\_\_ (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

\_\_\_ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

XX (BY ELECTRONIC MAIL) I caused such document to be delivered via E-Mail to the offices of the addressees at the following E-Mail addresses: (see attached list).

\_\_\_ (BY FACSIMILE) I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number: _____

Executed this 16th day of April, 2021, at Newport Beach, CA.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*E. Papania*

**SERVICE LIST**
*Leavonna Cheff v. Big Lots Stores, Inc., et al.*

Todd M. Friedman, Esq.
Adrian R. Bacon, Esq.
Meghan E. George, Esq.
Thomas E. Wheeler, Esq.
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard Street, Suite 780
Woodland Hills, California 91367
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com

Attorneys for Plaintiff

12
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
4/13/2021 38869288