EXHIBIT 2

COPY

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

FEB 19 2021

BY _____
ANAI CORTEZ-RAMIREZ, DEPUTY

BY FAX

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN BERNARDINO

LEAVONNA CHEFF,

　　　　　Plaintiff,

v.

BIG LOTS STORES, INC.; and DOES 1-50,

　　　　　Defendant(s).

CASE NO.: CIV SB 2103236

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

Plaintiff, LEAVONNA CHEFF (hereinafter "Plaintiff), hereby brings his complaint against Defendant BIG LOTS STORES, INC (hereinafter "Defendants") and states and alleges as follows:

### INTRODUCTION

1.　　This action is within the Court's jurisdiction pursuant to the provisions of California *Labor Code* §§ 201-204, 226, 226.7, 510, 512, 1194, 1194.2 and 1199, and California *Business and Professions Code* §§ 17200, *et seq*. Additionally, this action is brought pursuant to

**1**

Complaint

California's prohibition of Wrongful Termination in Violation of Public Policy, Cal. Lab. Code § 1102.5(c) and Cal. Gov't Code § 12940(h).

2.     This Complaint challenges illegal employment practices resulting in violations of the California *Labor Code*, *Business and Professions Code*, and applicable Industrial Welfare Commission ("IWC") wage order against Plaintiff.

3.     Plaintiff is informed and believes and based thereon alleges that Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard of the rights of employees in, among other things, failing to provide the statutorily required meal and rest periods and failing to pay the statutorily required meal period and rest period premium wages when not provided, failing to pay all minimum, regular and overtime wages due, failing to pay wages in a timely fashion, including at the end of employment, and failing to keep statutorily required payroll records and provide those records upon request.

4.     Plaintiff is informed and believes and based thereon allege that Defendants have engaged in, among other things, a system of willful violations of the California *Labor Code*, *Business and Professions Code*, and applicable IWC wage order (Wage Order 7) by: (a) failing to pay all final wages to Plaintiff in a timely fashion; (b) failing to pay required minimum, regular and overtime wages to Plaintiff; (c) failing to pay all meal and rest period premium wages to Plaintiff; (d) failing to provide, or timely provide, all required meal and rest periods to Plaintiff; and (e) failing to keep and provide proper records pursuant to *California Labor Code* § 226.

5.     Plaintiff also alleges that Defendants, and each of them, had the clear ability to pay such wages as are/were due and owing to the Plaintiff, but intentionally did not pay such wages, in conscious disregard of the rights of Plaintiff to timely payment of her wages.

6.     This action seeks relief for the un-remediated violations of California law including, inter alia:

a.     Damages and/or restitution, as appropriate, to Plaintiff, for non-payment of the wages due and interest thereon;

b.  Damages and/or restitution, as appropriate, to Plaintiff, for non-payment of meal and rest period wages, including premium wages;

c.  Damages and/or penalties for Plaintiff, who was not issued accurate itemized wage statements in conformity with California law.

d.  Damages and/or penalties for Plaintiff, who was terminated, and who was not paid all wages due and owing in conformity with California law;

e.  Damages and/or penalties for Plaintiff, who was wrongfully terminated, in violation of California Public Policy and California law;

f.  Attorney fees and costs as provided by statute and/or applicable case law including, without limitation, Labor Code §§ 226 and 1194, and Code of Civil Procedure § 1021.5; and such other relief as the Court deems just and proper.

7.  The policies, practices and customs of Defendants described above and below have resulted in the unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California *Labor Code* and the *Business and Professions Code*.

## JURISDICTION AND VENUE

8.  This Court has jurisdiction over this matter pursuant to the provisions of the California *Labor Code* and regulations, as well as *Business & Professions Code* § 17200. Venue is proper in San Bernardino County because the conduct alleged herein which gives rise to the claims asserted occurred within San Bernardino County.  Specifically, Plaintiff worked for Defendants within San Bernardino County, and the wages herein claimed were earned by them in San Bernardino County.

## PARTIES

9.  Plaintiff is informed and believes and based thereon allege that Defendant BIG LOTS STORES, INC. ("Big Lots") is an Ohio corporation with retail stores nationwide. Plaintiff is informed and believes and thereon alleges that Defendant, at all times herein mentioned, is and was doing business in the County of San Bernardino, State of California.

3

Complaint

10.     Plaintiff LEAVONNA CHEFF is, and at relevant times herein was, a resident of the County of San Bernardino, California. From on or about 2016 to March 2019, Plaintiff had been employed by Defendants.  Plaintiff was employed by Defendants and promoted to Lead Support.

11.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

12.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names.  Plaintiff prays for leave to amend this Complaint when the true names and capacities of said Doe Defendants become known to Plaintiff.  Plaintiff is informed and believes and thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein, and proximately caused Plaintiff, as well as members of the general public, damages as more specifically identified below.

13.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and, furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment.

14.     Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

4

Complaint

15.     At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acted within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

16.     Plaintiff is further informed and believes and based thereon alleges, at all times herein material, each of the Defendants were completely dominated and controlled by its Co-Defendants, and each was the alter ego of the other. Whenever and wherever reference is made in this Complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally. Whenever and wherever reference is made to individuals who are not named as Defendants in this Complaint, but were employees and/or agents of Defendants, such individuals at all relevant times acted on behalf of Defendants named in this Complaint within the scope of their respective employments.

17.     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

**FACTUAL ALLEGATIONS**

18.     Big Lots is a retail company, based out of Columbus, Ohio, that sells a wide variety of items.  In or about 2010, Plaintiff commenced employment with Defendants at their store in San Bernardino County.

19.     In or around 2016, Plaintiff was promoted to Lead Support which included the duties of a "manager on duty," which consisted of closing and opening the store and handling stock after the store was closed.  Despite having managerial duties, she was paid hourly at the rate of $12.96/hour and, after a raise, $13.50/hour.

20.     Because Plaintiff would both open and close the store on back-to-back days, including stocking and other tasks over night, she was forced to work split-shifts in which she would work two long blocks of time separated by a three (3) hour break, thus constituting a split-shift. The amount of her wages for the hours worked did not exceed the minimum wage for the hours worked plus one additional hour, such that Plaintiff was entitled to a split-shift differential for such days.

21.     Additionally, because Plaintiff was the "manager on duty" when she opened and closed the stores, she was unable to take meal or rest breaks because there was no employee to provide relief to permit her to take a meal or rest break, or no employee qualified to relieve her from her position. Accordingly, Defendants denied Plaintiff her lawful meal and rest breaks.

22.     Plaintiff's job routinely demanded she work well in excess of 40 hours per week and 8 hours per day. Plaintiff would routinely work 6-7 days per week, and would often work in excess of 12 hours per day after accounting for the split-shift, but would not be appropriately paid overtime wages.

23.     Plaintiff was regularly overbooked and worked long and split shifts without additional overtime and double time pay, and without receiving meal and rest periods.

24.     Plaintiff's timesheets reflect numerous back-to-back shifts, as well as timespans where she would work up to fifteen (15) straight days without a day off but not be paid overtime as required.

25.     Plaintiff was also forced to clock out for lunch but have the lunch break denied because she was the only manager on duty working at the time.

26.     In October 2018, Defendants informed its employees that employees who did not take their required meal and rest breaks would be written up. Plaintiff complained to Defendants that there were many times when was unable to take her mandated meal or rest breaks because Defendants' scheduling of employee shifts did not provide her with adequate relief. Plaintiff requested adequate relief in order to take her required meal and rest breaks, but Defendants failed to provide relief and simply told Plaintiff not to work through her breaks, which Plaintiff was unable to do.

27.   In March of 2019, in response to Plaintiff's complaints about her meal and rest breaks and inability to comply with Defendants' policies due to Defendants purposeful scheduling of Plaintiff, Plaintiff's employment was terminated by Defendants for exercising her protected rights as a whistleblower.

28.   Plaintiff alleges that these circumstances constitute a constructive and wrongful termination, in retaliation of Plaintiff's complaint to Defendants regarding her inability to take breaks due to the scheduling issues. Defendants' acts constitute numerous violations of California Public Policy.

29.   At all times herein mentioned, Plaintiff was an employee of Defendants in the State of California, and Defendants were and are employers employing persons in the State of California.   As such, Plaintiff was the type of persons contemplated to be protected by the California Labor Code and the Wage Order, and said laws and regulations were intended to apply to Defendants and to prevent the type of injury and damage herein.

30.   Plaintiff is informed and believes and based thereon alleges that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and hour laws.

31.   Plaintiff is informed and believes and based thereon alleges that Defendants know, should know, knew or should have known that Plaintiff was entitled to receive duty-free meal periods within the first five (5) hours of any shift of six (6) or more hours worked, and that any failure to do so requires Defendants to pay Plaintiff one (1) hour of wages per day for untimely, missed, or on-duty meal periods.

32.   Plaintiff is informed and believes and based thereon alleges that Defendants had a consistent policy or practice of requiring Plaintiff to continue working through meal periods, or were required to stay on the premises during their meal periods, or were interrupted during their meal periods, or Defendants otherwise failing to provide a duty-free meal period within the first five (5) hours of any shift of six (6) or more hours worked.

33.   Plaintiff is informed and believe and based thereon alleges that Defendants had a consistent policy or practice of failing to compensate Plaintiff for duty-free meal periods that

7

**Complaint**

were not provided within the first five (5) hours of any shift of six (6) or more hours worked, and for on-duty meal periods.

34.     Plaintiff is informed and believes and based thereon alleges that Defendants know, should know, knew or should have known that Plaintiff were and are entitled to one (1) ten (10) minute rest break for each shift of four (4) hours or more, and that any failure to allow said breaks requires Defendants to pay Plaintiff one (1) hour of wages per day for missed or on-duty rest breaks.

35.     Plaintiff is informed and believes and based thereon alleges that Defendants had a consistent policy or practice of failing to provide to Plaintiff one (1) ten (10) minute break for each shift of four (4) hours or more worked.

36.     Plaintiff is informed and believes and based thereon alleges that Defendants had a consistent policy or practice of failing to compensate Plaintiff for missed rest breaks that were not provided within each four (4) hours of a shift.

37.     Plaintiff is informed and believes and based thereon alleges that Defendants had a consistent policy or practice of failing to compensate Plaintiff overtime pay for all overtime hours, and regular pay for any regular hours worked, and at least minimum wage for all hours worked.

38.     Plaintiff is informed and believes and based thereon alleges that Defendant had a consistent policy or practice of failing to provide Plaintiff with accurate wage statements reflecting the true number of hours worked due to Defendants' failure to provide lawful, timely, and duty-free meal and rest periods and failure to document all hours worked.

## FIRST CAUSE OF ACTION
### UNPAID OVERTIME WAGES
**(California Labor Code §§ 510, 1194, 1198 and ICW Wage Order 7)**
**-By Plaintiff Against All Defendants-**

39.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

8

Complaint

40.    This action is brought, in part, pursuant to the Wage Order and *California Labor Code* §§ 510, 1194 and 1198.   Under the Wage Order and *California Labor Code* § 510, Defendants were required to compensate Plaintiff for all overtime, calculated at one and one-half (1-½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours per day, and two (2) times the regular rate of pay for hours worked in excess of eight (8) hours on the seventh (7th) day of work.

41.    While employed by Defendants, Plaintiff was required to work more than eight (8) hours in a day or forty (40) hours in a week.   Plaintiff was often required to work more than seven (7) days consecutively but was not paid overtime as required for such scheduling.   By failing to compensate Plaintiff for the hours worked, Defendants have failed and continue to fail to pay the overtime compensation owed to Plaintiff pursuant to the Wage Order and the California *Labor Code*.

42.    Plaintiff is informed and believes and based thereon alleges that Defendants' policy and practice of requiring overtime work and not paying for said work according to the overtime mandates of California law is, and at all times herein mentioned was, in violation of *California Labor Code* § 1194, applicable regulations, and the Wage Order. Defendants' employment policies and practices wrongfully and illegally failed to compensate Plaintiff overtime compensation earned as required by California law.

43.    The conduct of Defendants and their agents and employees as described herein was willful and intentional and part of a corporate policy, procedure and practice. Furthermore, Defendants willfully failed to pay Plaintiff proper compensation for all overtime hours worked at the appropriate rate of overtime pay.

44.    Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide all overtime wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff is entitled to compensation pursuant to California *Labor Code* § 203.

45. Such administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff for damages and wages owed, and for penalties, interest, costs and attorney's fees, in an amount to be proven at time of trial.

## SECOND CAUSE OF ACTION
### Failure to Pay All Regular Wages
### (California Labor Code § 204)
### -By Plaintiff Against All Defendants-

46. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

47. At all times relevant herein, Defendants were required, by California *Labor Code* § 204, to compensate Plaintiff correct and proper regular wages for all regular hours worked.

48. As a pattern and practice, Defendant required Plaintiff to clock out for lunch while requiring her to remain on duty, thus depriving her of the pay for that lunch break when she was on duty.

49. Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay Plaintiff all regular wages for all hours worked. Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide all regular wages due and owing upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff is entitled to compensation pursuant to California *Labor Code* § 203.

50. Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff for damages and wages owed, and for penalties, interest, costs and attorney's fees.

## THIRD CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGES AND LIQUIDATED DAMAGES

10

Complaint

**(Labor Code §§ 558, 1194, 1194.2, 1197 & 1198, and Wage Order)**

**-By Plaintiff Against All Defendants-**

51.        Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

52.        This cause of action is brought pursuant to California *Labor Code* § 1194, which provides that non-exempt employees are entitled to the statutory hourly minimum wage for work performed.

53.        At all times relevant herein, Defendants were required to compensate Plaintiff at least the statutorily mandated minimum wage for all regular hours worked.

54.        As a pattern and practice, Defendants regularly required Plaintiff to clock out for lunch breaks but then remain on duty, thus failing to pay her the minimum wage for that time period.

55.        Additionally, Defendants scheduled Plaintiff to work multiple shifts in the same twenty-four (24) hour period with a limited gap of a few hours between two separate shifts, thus constituting a "split-shift," but failed to pay Plaintiff the split-shift differential of one hours wage at minimum wage as required by the Wage Order for such scheduling.

56.        As a result, Defendants regularly failed to pay Plaintiff the statutorily required minimum wage for all hours worked.

57.        Defendants' conduct as alleged herein is in violation of California *Labor Code* § 1194 and the Wage Order.  Defendants' employment policies and practices wrongfully and illegally failed to compensate Plaintiff for all hours worked at minimum wages as required by California law.

58.        Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay Plaintiff minimum wages for all hours worked.  Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide wages due and owing upon separation from employment results in a continued payment of

wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff is entitled to compensation pursuant to *California Labor Code* § 203.

59.         Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff for damages and wages owed, and for liquidated damages, penalties, interest, costs and attorney's fees.

## FOURTH CAUSE OF ACTION

### Failure to Pay All Regular Wages

*(California Labor Code §§ 1197.1 and 1199, and the Wage Order)*

-By Plaintiff Against All Defendants-

60.         Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

61.         At all times relevant herein, Defendants were required by California *Labor Code* §§ 1197.1 and 1199 and the Wage Order to compensate Plaintiff correct and proper wages for all hours worked.

62.         As a pattern and practice, Defendant required Plaintiff to clock out for lunch while requiring her to remain on duty, thus depriving her of the pay for that lunch break when she was on duty.

63.         Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay Plaintiff wages for all hours worked.  Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide all wages due and owing upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff is entitled to compensation pursuant to California *Labor Code* § 203.

64.         Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery

by Plaintiff for damages and wages owed, and for penalties, interest, costs and attorney's fees, in an amount according to proof.

## FIFTH CAUSE OF ACTION

### Failure to Allow or Pay for Meal Periods

### (California *Labor Code* §§ 226.7, 512, 558, & 1198, and Wage Order)

### -By Plaintiff Against All Defendants-

65.        Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

66.        At all times relevant herein, Defendants were required to provide Plaintiff with meal periods that comply with the California *Labor Code* and applicable regulations and the Wage Order, including California *Labor Code* §§ 226.7 and 512.

67.        Consistent with Defendants' corporate policy, practice and pattern, Defendants regularly failed to provide, and in fact denied, Plaintiff's statutorily compliant meal periods.

68.        Consistent with Defendants' policy, practice and pattern, Defendants regularly staffed shifts in a way that did not allow Plaintiff to take or timely take uninterrupted, duty-free meal periods.  As a pattern and practice, Defendants regularly failed to accurately record meal periods.  Furthermore, pursuant to Defendants' corporate policy, procedure and practice, Defendants improperly recorded the timing and taking of meal periods by editing the hours worked by Plaintiff to reflect that meal periods were taken when in fact they were not taken, or to reflect a different time than the meal periods were actually taken, or a different amount of time taken for meal periods than was in fact actually taken.

69.        Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay Plaintiff proper meal period premium wages for all non-compliant or missed meal periods.  Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide all such meal period wages due and owing Plaintiff upon separation from employment results in a continued payment of wages up to thirty (30)

13

Complaint

days from the time the wages were due.   Therefore, Plaintiff is entitled to compensation pursuant to California *Labor Code* § 203.

70.       Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff for damages and wages owed, and for penalties, interest, costs and attorney's fees.

71.       Accordingly, Plaintiff is entitled to one (1) hour of compensation at their regular hourly rate for each workday that the proper meal periods were not provided and one (1) hour of compensation at their regular hourly rate for each workday that the proper meal periods were not provided in penalty wages pursuant to California *Labor Code* §  226.7 and the Wage Order.

72.       Plaintiff is further entitled to civil penalties under California *Labor Code* § 558 as follows:  For the initial violation, Fifty Dollars ($50.00) for each pay period for which the employee was underpaid, in addition to any amount sufficient to recover underpaid wages; and, for each subsequent violation, One Hundred Dollars ($100.00) for each pay period for which the employee was underpaid, in addition to any amount sufficient to recover underpaid wages.

## SIXTH CAUSE OF ACTION

### Failure to Allow or Pay For Rest Periods

### (California *Labor Code* §226.7, 558 & 1198, and Wage Order)

### -By Plaintiff Against All Defendants-

73.       Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

74.       At all times relevant herein, Defendants were required to provide Plaintiff with rest periods that comply with the California *Labor Code* and applicable regulations and IWC wage order, including California *Labor Code* § 226.7.

75.       Defendants regularly failed to provide, and in fact denied, Plaintiff statutorily compliant rest periods.

14

Complaint

76.      Defendants regularly staffed shifts in a way that did not allow Plaintiff to take or timely take mandated rest periods.

77.      Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay Plaintiff proper rest period premium wages for all non-compliant or missed rest periods.  Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide all such rest period wages due and owing upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff is entitled to compensation pursuant to California *Labor Code* § 203.

78.      Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff for damages and wages owed, and for penalties, interest, costs and attorney's fees.

79.      Plaintiff was regularly scheduled as a matter of uniform company policy to work, and in fact worked, without rest breaks in violation of California *Labor Code* §§ 226.7 and 512 and the Wage Order, in that she was not permitted to take one (1) ten (10) minute rest break for every four (4) hours worked.

80.      Accordingly, Plaintiff is entitled to one (1) hour of compensation at her regular hourly rate for each workday that the proper rest periods were not provided and one (1) hour of compensation at their regular hourly rate for each workday that the proper rest periods were not provided in penalty wages pursuant to *California Labor Code* § 226.7 and the Wage Order.

81.      Plaintiff is further entitled to civil penalties under California *Labor Code* § 558 as follows:  For the initial violation, Fifty Dollars ($50.00) for each pay period for which Plaintiff was underpaid, in addition to any amount sufficient to recover underpaid wages; and, for each subsequent violation, One Hundred Dollars ($100.00) for each pay period for which Plaintiff was underpaid, in addition to any amount sufficient to recover.

### SEVENTH CAUSE OF ACTION

**Waiting Time Penalties**

15

Complaint

(California <i>Labor Code</i> §§ 201-203 and 558)

-By Plaintiff Against All Defendants-

82.      Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

83.      At all times relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California <i>Labor Code</i> §§ 201 through 203.

84.      Defendants failed to pay Plaintiff her final wages pursuant to California <i>Labor Code</i> §§ 201 through 203, and accordingly owe waiting time penalties pursuant to California <i>Labor Code</i> § 203.

85.      The conduct of Defendants and their agents and managerial employees as described herein was willful, and in violation of the rights of Plaintiff.

86.      Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to pay wages due and owing to Plaintiff upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff is entitled to compensation pursuant to California <i>Labor Code</i> § 203.

<b><u>EIGHTH CAUSE OF ACTION</u></b>

<b>Failure to Provide Accurate Itemized Wage Statements</b>

(California <i>Labor Code</i> §§ 226(a), and 558)

-By Plaintiff Against All Defendants-

87.      Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

88.      At all times relevant hereto, California <i>Labor Code</i> § 226(a) provides, and provided, that every employer shall furnish each of its employees an accurate itemized wage statement in writing showing nine (9) pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any

16

Complaint

applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

89. Defendants failed in their affirmative obligation to keep accurate payroll records reflecting the actual hours worked, and the amount of compensation due to Plaintiff. Defendants, as a matter of policy and practice, did not maintain accurate records in violation of California *Labor Code* § 226.

90. For example, as a matter of policy and practice, among the violations of California *Labor Code* § 226, Defendants failed to keep accurate records reflecting total number of hours worked, rates of pay, rates of overtime pay (as a result of Defendants' failure to record proper overtime hours worked, and to properly calculate the overtime rate of pay), and daily or weekly overtime pay. As a result, Defendants failed to provide true and accurate wage statements to Plaintiff, as required by California *Labor Code* § 226.

91. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action for all damages and/or penalties pursuant to California *Labor Code* § 226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California *Labor Code* § 226, in amount according to proof.

92. Plaintiff is entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California *Labor Code* § 226(a), or an aggregate penalty not exceeding Four Thousand Dollars ($4,000.00).

### NINTH CAUSE OF ACTION

**Unfair Business Practices**

**(California *Business and Professions Code* §§ 17200, *et seq.*)**

17

Complaint

**-By Plaintiff Against All Defendants-**

93.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

94.     Defendants, and each of them, have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined above, including but not limited to, requiring employees to perform the labor complained of herein without overtime compensation, regular compensation or minimum wage for all hours worked, failing to provide meal and rest breaks, and failing to provide itemized wage statements. Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

95.     Plaintiff seek full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein. Plaintiff seeks, on her own behalf and on behalf of the general public, the appointment of a receiver, as necessary. The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the original complaint in this action.

96.     Plaintiff is informed and believes and on that basis alleges that, at all times herein mentioned, Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California *Business and Professions Code* §§ 17200, *et seq.*, as set forth above, thereby depriving Plaintiff and other members of the general public the minimum working condition standards and conditions due to them under the California labor laws and the Wage Order as specifically described herein.

97.     Plaintiff is further entitled to and do seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent.

## TENTH CAUSE OF ACTION:

**WRONGFUL CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY**
**[Violation of Cal. Lab. Code §§1102.5(c), Cal. Lab. Code §§232.5(c), and *Cal. Govt. Code* §12940(h)]**

18

Complaint

**-By Plaintiff Against All Defendants-**

98.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

99.     At all times herein mentioned California Labor Code §§1102.5 were in full force and effect and was binding on Defendants. California's Labor Code, §§ 1102.5 et seq. and 223.5(c), prohibits employer retaliation against its employees for employees' disclosure to others information about employers illegal actions.

100.     California Public Policy may be violated by retaliating against an employee for internal disclosure of "illegal, unethical or unsafe practices" which affect the public at large, not merely the employer. *Green v. Ralee Eng. Co.* (1998) 19 C4th 66, 85 (complaining internally that company was shipping defective parts to airplane assemblers which endangered airline passenger safety; *Collier v. Sup.Ct.* (MCA, Inc.) (1991) 228 CA3d 1117, 1123 (reporting to management that company executives shipping promotional records at no charge were violating laws prohibiting bribery, kickbacks, embezzlement and tax evasion).

101.     As set forth in more detail in the preceding paragraphs of this Complaint, Plaintiff made a complaint or disclosure to Defendants, and each of them, about Plaintiff's inability to take mandated rest periods due to Defendant's scheduling, which was in violation of California Labor Code §§ 226.7, 512,  and other California labor codes. Defendant ignored Plaintiff's request for adequate relief and threatened to write her up if she did not take her mandated breaks, even though Plaintiff was unable to take her mandated rest periods due to Defendant's failure to schedule its employees to in a manner that offered Plaintiff adequate relief to take breaks. Defendant then terminated Plaintiff's employment. This constituted a constructive and wrongful termination, in retaliation of Plaintiff's complaint to Defendant regarding the lack of relief during her shifts, in violation of California Public Policy.

102.     Prior to and including on or about March of 2018, Plaintiff had reasonable cause to make, and made, complaints, and/or disclosed information to employees, managers, supervisors or managing agents of Defendants of potential and/or actual compliance issues

and/or violations of State and/or Federal labor and employment and other laws including, but not limited to, those that prohibit violation of California Labor Laws.

103.    Defendants, and each of them, believed that Plaintiff did or might disclose information to a law enforcement or government agency, or to a person with authority over Plaintiff or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or would provide information to, or testify before, any public body conducting an investigation, hearing, or inquiry.

104.    In retaliation for Plaintiff's disclosures to the Defendants that they were in violation of the aforementioned laws, as herein alleged, Defendants, and each of them, instead terminated Plaintiff in violation of California Labor Code §1102.5. When Plaintiff was terminated, Plaintiff's complaints of violations of State and/or Federal law was a contributing factor and/or reason in Plaintiff's termination.

105.    As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Government Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

106.    As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

107.    Defendants' conduct was at least a substantial factor in causing the harms to Plaintiff, as described above.

### ELEVENTH CAUSE OF ACTION

**Failure to Provide Records**

**(California *Labor Code* §§ 226(c) and 1198.5)**

20

Complaint

**-By Plaintiff Against All Defendants-**

108.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

109.  On July 26, 2019, through her counsel of record, Plaintiff provided a written demand for her employment records pursuant to *Cal. Lab. C.* §§ 226(c) & 1198.5 to Defendants.

110.  Defendants were required to provide her records within, at most, 35 days. As of the date of the filing of this lawsuit, Defendants have still failed to provide Plaintiff her employment records and thus violated *Cal. Lab. C.* §§ 226(c) & 1198.5.

111.  Plaintiff seeks an injunction and reasonable attorney's fees and costs for Defendants' failure to comply.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for themselves and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

A.  For compensatory damages in an amount according to proof with interest thereon;

B.  For economic and/or special damages in an amount according to proof with interest thereon;

C.  For payment of unpaid wages in accordance with California labor law;

D.  For payment of penalties in accordance with California law;

E.  For Defendants to be found to have engaged in unfair competition in violation of California *Business and Professions Code* §§ 17200, *et seq.;*

F.  For all penalties permitted by California Labor Code § 558;

G.  For Defendants to be ordered and enjoined to make restitution to Plaintiff and disgorgement of profits from their unlawful business practices and accounting, pursuant to California *Business and Professions Code* §§ 17203 and 17204;

H.  For general damages, in an amount according to proof;

I.  For special damages, in an amount according to proof;

J.  For loss of earnings, in an amount according to proof, with interest thereon

K.  For medical expenses and related items of expense, according to proof;

21

Complaint

L.   For punitive and exemplary damages, in an amount according to proof

M.   For interests, attorneys' fees and cost of suit under *Labor Code* §§ 226, 1194, 1198.5, *Code of Civil Procedure* §1021.5, or any other stattute; and,

N.   For all such other and further relief that the court may deem just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Respectfully submitted this 19th day of February, 2021

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

**22**

**Complaint**